# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.              Case No. 06-CR-151

**VITALY DVORTSEN**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Vitaly Dvortsen pleaded guilty to conspiracy to launder money, contrary to 18 U.S.C. § 1956(h). The probation office prepared a pre-sentence report ("PSR"), which set defendant's offense level at 25: base level 20, U.S.S.G. § 2S1.1(a)(2);[1] plus 6 under § 2S1.1(b)(1) because defendant knew or believed that the funds were the proceeds of drug distribution; plus 2 under § 2S1.1(b)(2)(B) based on his conviction under 18 U.S.C. § 1956; and minus 3 for acceptance of responsibility, U.S.S.G. § 3E1.1. Coupled with a criminal history category of I, the PSR recommended a guideline range of 57-71 months. Neither side objected to the PSR's guideline calculations, which I adopted.

Defendant requested a non-guideline sentence of probation. The government agreed that a below-guideline sentence was appropriate in this case but opposed straight probation. Upon consideration of all of the factors under 18 U.S.C. § 3553(a), I imposed a prison sentence of 12 months and 1 day. My reasons follow. See 18 U.S.C. § 3553(c).

---

[1]Section 2S1.1(a)(2) provides for a base level of 8 plus the number of levels from the loss table in § 2B1.1 corresponding to the value of the laundered funds. In this case, defendant laundered in excess of $200,000, producing an enhancement of 12 levels under § 2B1.1(b)(1)(G).

## I. SENTENCING PROCEDURE

In imposing sentence, the district court must first calculate the advisory guideline range, United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007), then select an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007). The § 3553(a) factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the

2

correct one or elevate the guidelines above the other factors in the statute. See, e.g., United States v. Schmitt, 495 F.3d 860, 864-65 (7th Cir. 2007); United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, it is the statute's "parsimony provision that serves as 'the guidepost for sentencing decisions post-Booker.'" United States v. Santoya, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007) (quoting United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006)).

## II. DISCUSSION

### A. Nature of Offense

Defendant conspired with Jerome Stovall, a large-scale Milwaukee-area cocaine dealer, to launder Stovall's drug money. Defendant owned an auto body shop and met Stovall in the course of performing some work on Stovall's car. Stovall later solicited defendant to install a trap compartment in one of his cars. Eventually, Stovall asked defendant for a "job" at the body shop as a front for his drug trafficking activities. After his source of cocaine was murdered, Stovall found himself in possession of about $300,000 in drug debt he owed to the source. As a means of laundering these funds, Stovall proposed to buy the body shop from defendant. Defendant, who was having problems with his landlord at the time, seized upon the opportunity to obtain fast money to obtain a new building at a different location.

Although the parties quibbled over the exact amount, Stovall paid defendant something close to $300,000 for the purchase of the body shop. Defendant knew that Stovall was a drug dealer, and the government captured him on a wire with Stovall discussing how to disguise the funds. Thus, the offense was serious because defendant knowingly assisted a large-scale

3

dealer to launder in his drug money.

**B.     Defendant's Character**

Defendant's character was otherwise quite positive. Forty-eight years old, defendant immigrated to the United States from Russia in 1991 and became a citizen in 1997. Upon his arrival in this country, defendant worked several menial jobs until he had saved enough money to buy an auto body shop. He worked very hard to make the business a success, prior to his involvement with Stovall. He and his wife bought a home, which defendant substantially renovated himself.

Defendant had been married for over twenty years and had two children, ages twenty-one and thirteen, both of whom turned out well. He had no prior criminal record whatsoever. His wife made positive statements to the PSR writer, and I received several laudatory letters from friends and business associates. Defendant's accountant stated that he was hard working and pleasant; a family friend described how hard he worked to build up his business; another friend indicated that defendant helped support his elderly mother in Russia; another described his devotion to his family; defendant's realtor described how he applied himself to succeed in business after coming to the United States from a communist country. Numerous supporters appeared at defendant's sentencing. Defendant also made efforts to cooperate in this matter, directing the authorities to and permitting seizure of any remaining cash, as well as debriefing with agents.

**C.     Consideration of Guidelines and Purposes of Sentencing**

The guidelines called for a term of 57-71 months, but I agreed with the parties that a sentence below the range was sufficient to satisfy the purposes of sentencing. Of the four

4

purposes of sentencing, only the need to provide just punishment supported a prison sentence. See 18 U.S.C. § 3553(a)(2)(A). Drug dealers like Stovall cannot thrive unless they can launder their money, which defendant facilitated. Thus, a sentence of probation, as defendant requested, was insufficient. However, I noted that defendant had been significantly punished by the monetary forfeitures imposed in this case, which he fully satisfied prior to sentencing and which forced him to disgorge any ill-gotten gains. He paid a heavy financial price, which at least partially satisfied the need for punishment.

Further, defendant's criminal conduct represented a departure from an otherwise law-abiding life. As the government noted, after a lifetime of hard-work, Stovall presented defendant with a chance for fast money, which defendant was unable to pass up. I saw no evidence that defendant presented a danger to the public or a risk of re-offending, given his age, lack of any prior record and standing in the community as reflected in the letters. See 18 U.S.C. § 3553(a)(2)(B) & (C). He also appeared to have no correctional treatment needs. See 18 U.S.C. § 3553(a)(2)(D).

Thus, I concluded that a prison sentence below the guideline range was sufficient to satisfy all of the purposes of sentencing. Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This sentence provided a sufficient measure of punishment, while acknowledging the mitigating factors discussed. Any longer term was greater than necessary to satisfy the purposes of sentencing. Because the sentence was based on the particular facts of the case as they related to the purposes of sentencing, it did not create any unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day. Upon release, I ordered him to serve a two year term of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge